SARKIS SARAFIAN, Respondent, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

First Department, July 2, 1924.

**Banks and banking — action for conversion of money on deposit with defendant — money was forwarded by bank in Greece for deposit to plaintiff's credit — defendant issued treasurer's check and delivered it to third person who indorsed plaintiff's name and deposited amount — no authority shown for issuance and delivery of treasurer's check — defendant is liable.**

The defendant bank is liable for the conversion of money deposited with it to the credit of the plaintiff, since it appears that the money in question was sent to the defendant by a bank in Greece pursuant to plaintiff's instruction, for deposit in the defendant's bank to the plaintiff's credit, and that without authority it issued a treasurer's check to the order of the plaintiff and delivered the check to a third person who indorsed plaintiff's name thereon and deposited the check to the account of the partnership of which the third person was a member.

APPEAL by the defendant, Guaranty Trust Company of New York, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk

of the county of New York on the 15th day of November, 1923, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff.

*Bigham, Englar & Jones* [*Arthur W. Clement* of counsel], for the appellant.

*Charles L. Kahn,* for the respondent.

DOWLING, J.:

This action was instituted by the plaintiff against the Guaranty Trust Company to recover for the conversion of $1,000 which plaintiff had on deposit with the said bank on or about December 7, 1920. The said sum of money had been sent in conformance with plaintiff's instructions by the National Bank of Greece at Smyrna to be deposited with the defendant bank to plaintiff's credit.

On December 15, 1920, defendant (as claimed by plaintiff without any authorization) issued a treasurer's check, drawn to the order of " S. Sarafian," the plaintiff, and sent it by messenger to the Europe-America Commercial Company of 76 Broad street, New York, where it was left with one George Zafirides, a partner of Zafarias Zafirides, doing business under that name. George Zafirides took the check and indorsed thereon the payee's name, " S. Sarafian " and deposited it in the Battery Park National Bank to the account of Zafirides Brothers. Thereafter the check was presented for payment through the New York Clearing House and on December 16, 1920, was paid by the defendant.

The question most vigorously contested upon the trial was the authority of George Zafirides to indorse the treasurer's check in question and to deposit it for the account of his firm. That question was decided by the learned trial justice adversely to defendant.

But even had that question been settled in favor of defendant, upon the record now before us it could not have succeeded in this action, for there is absolutely no proof that it was ever authorized or warranted in sending the treasurer's check in question.

Plaintiff testified that he authorized the Banque Nationale de Grece at Smyrna to send the $1,000 to be deposited to his credit with defendant. He is not shown to have ever authorized the drawing of the treasurer's check by defendant.

For the defendant, Zafarias Zafirides, one of its witnesses, testified to the general nature of the business of his firm with plaintiff, but knew nothing of the transaction in question as he was abroad at the time.

George Zafirides, who received and indorsed the check, said defendant sent it over voluntarily by a messenger. He said plaintiff's brother Casper Sarafian asked defendant for the money, but

the latter's authority to transact any business for plaintiff was not shown, nor did defendant offer any proof that it drew the check on Casper Sarafian's authority or even at his request.

A Ralph Rustin, a clerk in defendant's employ, was called as a witness for it. He identified a paper of which a copy had been sent with the treasurer's check to plaintiff, care of Europe American Commercial Company, 76 Broad street, as testified to by George Zafirides. This was marked Exhibit E, and reads as follows:

" Original Receipt,
" Foreign Files

" Received from
" Guaranty Trust Company of New York,
" 140 Broadway,
" December 15th, 1920.

" In accordance with instructions from
" Banque Nationale de Grece
" Smyrna, Asia Minor

" 12 /15 $1,000
" One thousand Dollars
' as per Cable No. 377
" Signed by
" S. Sarafian
" C /o Europe America Commercial Co.,
" 76 Broad St.
" N. Y. C."

The original in the possession of defendant bears the stamp and signature on the face thereof:

" Europe-American Commercial Co.,
" G. Zafirides,
" General Manager
" for S. Sarafian."

The witness was then asked:

" Q. I show you this paper, which is headed ' cable received,' dated December 10th, 1920, and I ask you if that is another paper that you found? A. It is. Q. What is that paper? Plaintiff's Counsel: I object to that. Q. Is it a cable, or what is it? A. It is a cable. Defendant's counsel: I offer it in evidence. Plaintiff's Counsel: I object to it. That is not a cable. The Court: I sustain the objection. Defendant's Counsel: May I have it marked for identification? " The paper was marked " Defendant's Exhibit H, for identification."

It will be noted that no exception was taken to the exclusion of this paper. Evidently it was not a cable message, nor the cable message No. 377 referred to in the receipt. In any event, we are

unable to say that it had any probative force, for though marked " Exhibit H " for identification, it is not printed in the case on appeal. Apparently appellant's counsel deems it of no importance, thus confirming the failure to object to its exclusion upon the trial.

We thus have a case presented where the defendant was instructed to deposit the sum of $1,000 to plaintiff's credit in its institution, but instead thereof undertook, without any instructions so to do, to draw a treasurer's check for the amount and to send same to plaintiff at an address which he never communicated to them, as a result of which it was indorsed by, and deposited to the account of, a third party, and plaintiff was thus deprived of the benefit of his deposit, which he had instructed defendant to maintain for him.

The determination appealed from should, therefore, be affirmed, with costs to respondent.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Determination affirmed, with costs.